UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERNELL JULUKE,<br><br>    *Plaintiff*,<br><br>v.<br><br>LEN DAVIS, *et al.*,<br><br>    *Defendants*. | Civil Action No. 23-03111<br><br>Section A<br>Judge Jay C. Zainey<br><br>Division 2<br>Magistrate Judge Donna Phillips Currault |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Harry Connick, Sr., in his official capacity as former Orleans Parish District Attorney, through undersigned counsel, respectfully submits this memorandum in support of his motion seeking dismissal of Plaintiff Bernell Juluke's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). An official-capacity claim against a *former* official is a contradiction in terms, because he no longer has any official capacity. Consistent with this principle, numerous federal decisions have held that a plaintiff seeking to sue a Louisiana district attorney's office must sue the *current* district attorney in his official capacity. Accordingly, the Plaintiff's official-capacity claims against former District Attorney Harry Connick therefore must be dismissed for failure to state a claim.

### LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting

*Twombly*, 550 U.S. at 555). Although the Court must "accept all well-pleaded facts as true," it should not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quotation omitted).

## DISCUSSION

Plaintiff Bernell Juluke has filed a lawsuit alleging claims under 42 U.S.C. § 1983 and Louisiana law based on his allegedly wrongful conviction for murder in 1996. He has sued the City of New Orleans; seven former New Orleans police officers; and "Harry F. Connick, Sr., in his official capacity as Orleans Parish District Attorney." *See* Doc. No. 1.[1] The Plaintiff has not named the current District Attorney, Jason Williams, as a defendant, either in his official or personal capacity. However, rather than serving Mr. Connick personally with the summons for this lawsuit, the Plaintiff purported to serve Mr. Connick "through Jason Williams," by having a process server appear at the District Attorney's Office at 619 South White Street and serve an Assistant District Attorney who is currently employed by the office. *See* Doc. No. 19. Therefore, it appears that, by suing Mr. Connick in his official capacity, the Plaintiff may have been attempting to sue the Orleans Parish District Attorney's Office.

Regardless of the Plaintiff's intent, he has in fact sued a non-existent defendant. "[O]fficial capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) (quoting *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658, 690 n.55 (1978)). "Thus, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (quotation omitted). However, because Mr. Connick is no longer serving in office, his "official capacit[y] [is]

---

[1] Mr. Connick is not sued in his personal capacity.

non-existent." *See Thompson v. Connick*, 555 F.3d 836, 869 n.27 (5th Cir. 2008) (vacated on other grounds).

To the extent that the Plaintiff seeks to assert claims against the Orleans Parish District Attorney's Office, such claims must be brought against the **current** District Attorney, Jason Williams, in his official capacity. "Louisiana law does not permit a district attorney's office to be sued in its own name. Thus, when attempting to sue a Louisiana DA's office under *Monell*, **the current DA**, rather than the office, is the proper defendant. Any former DA's actions at the time of [a defendant's] prosecution are imputed to the current DA for purposes of *Monell*." *Armstrong v. Ashley*, 60 F.4th 262, 268 n.4 (5th Cir. 2023) (emphasis added).

Numerous decisions from federal district courts in Louisiana have emphasized that the current district attorney is the proper defendant in an official-capacity suit against a Louisiana district attorney's office. *See, e.g.*, *Reeder v. Williams*, No. 22-4614, 2023 WL 2771481, at *2 (E.D. La. Apr. 4, 2023) ("Although all of the tortious conduct alleged against the OPDA occurred well before Williams took office, as the current district attorney, Williams, in his official capacity, is the proper defendant."); *Battle v. Hood*, No. 20-cv-0406, 2020 WL 6122066, at *8 (W.D. La. Apr. 24, 2020) ("Plaintiff also seeks relief from [former District Attorney] Scott in his official capacity. First, however, Scott is no longer the District Attorney in Caddo Parish and thus has no official capacity."); *Crawford v. Caddo Parish Coroner's Office*, No. No. 17-cv-1509, 2019 WL 943411, at *8 (W.D. La. Feb. 25, 2019) ("[C]laims against a district attorney's office must be brought against the current district attorney in his official capacity."); *Jackson v. Patterson*, No. 17-6361, 2018 WL 1123584, at *3 n.4 (E.D. La. Feb. 28, 2018) ("The United States Court of Appeals for the Fifth Circuit has held that the current district attorney, not the former district attorney, is the proper party for an official capacity suit."); *Ford v. Caddo Parish*, No. 15-cv-0544,

2017 WL 6045465, at *2 (W.D. La. Dec. 6, 2017) ("[W]hen attempting to sue a Louisiana district attorney's office, the current district attorney must be named in the suit.").

Because the Plaintiff's official-capacity claims against Mr. Connick are not legally cognizable, they must be dismissed.

## CONCLUSION

Suing a former Louisiana district attorney in his official capacity does not state a cognizable claim, because he has no official capacity. Moreover, the fundamental legal defect in such a claim cannot be cured by amendment. Accordingly, Plaintiff Bernell Juluke's claims against Defendant Harry Connick, Sr., should be dismissed with prejudice.

Respectfully submitted,

 /s/ Matthew J. Paul
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY REUTER THORNTON ALFORD LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Harry Connick, Sr. (in his official capacity as former Orleans Parish District Attorney)*

4