UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNELL JULUKE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3111**<br>**C/W NO. 23-6203** |
| **LEN DAVIS, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this civil-rights case is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant Orleans Parish District Attorney Jason Williams to dismiss the official-capacity 42 U.S.C. § 1983 claim that Plaintiffs Kunta Gable and Sidney Hill assert against him. For that Section 1983 claim, Gable and Hill allege that they were wrongfully convicted and imprisoned because the Office of the Orleans Parish District Attorney ("OPDA") had a "polic[y], custom[ ], and widespread practice[ ]" of "failing to document and disclose material, exculpatory and impeachment evidence to defense counsel and the court."[2] Williams contends that Gable and Hill fail to state a Section 1983 claim against him because, as a matter of law, the acts of the OPDA attorneys who prosecuted Gable and Hill are attributable to the State of Louisiana—not to the OPDA.[3] Williams's argument rests on the reasoning of a 2022 en banc Fifth Circuit opinion holding that certain Dallas County judges act for the State of Texas—not for Dallas County—when setting bail schedules. *See Daves v. Dall. Cnty.*, 22 F.4th 522, 534–40 (5th Cir. 2022) (en banc).

---

[1] ECF No. 107.
[2] ECF No. 90 at ¶¶ 170–176.
[3] ECF No. 107 at 1–3.

The Court has already considered—and rejected—the same argument. *Dent v. Williams*, No. 23-CV-3104, 2024 WL 4188521, at *1–6 (E.D. La. Sept. 13, 2024) (Long, J.). The Court rejects the argument again here for the same reasons given there.[4]

Accordingly,

**IT IS ORDERED** that Williams's Federal Rule of Civil Procedure 12(b)(6) motion[5] to dismiss Gable and Hill's complaint is **DENIED**.

New Orleans, Louisiana, this 25th day of February, 2025.

                                                       BRANDON S. LONG
                                                     UNITED STATES DISTRICT JUDGE

---

[4] Other sections of this Court have thoughtfully considered and uniformly rejected the same argument. *See, e.g.*, *Brown v. Williams*, 24-CV-423, 2024 WL 4591801, at *1–4 (E.D. La. Oct. 28, 2024) (Vance, J.); *Floyd v. Dillmann*, 659 F. Supp. 3d 724, 728–29 (E.D. La. 2023) (Milazzo, J.); *Williams v. Williams*, No. 23-CV-1922, 2023 WL 6160990, at *2–4 (E.D. La. Sept. 21, 2023) (Africk, J.); *Jones v. Williams*, No. 22-CV-5097, 2023 WL 3211865, at *3–4 (E.D. La. May 2, 2023) (Ashe, J.); *Reeder v. Williams*, No. 22-CV-4614, 2023 WL 2771481, at *2–3 (E.D. La. Apr. 4, 2023) (Zainey, J.); *Smith v. Williams*, No. 22-CV-1550, 2023 WL 2263841, at *6–10 (E.D. La. Feb. 28, 2023) (Brown, C.J.).

[5] ECF No. 107.