**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BERNELL JULUKE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3111**<br>**C/W NO. 23-6203**[1] |
| **LEN DAVIS, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this civil-rights case is the Rule 12(b)(6) motion[2] of Defendant Orleans Parish District Attorney ("OPDA") Jason Williams to dismiss the official-capacity 42 U.S.C. § 1983 claims that Plaintiffs Kunta Gable and Sidney Hill assert in their First Amended Complaint.[3] Plaintiffs concede that, as pled, they have not stated a plausible conspiracy claim against Williams.[4] However, in their opposition to Williams' motion, Plaintiffs maintain that they have stated a plausible municipal-liability claim for OPDA's deliberately-indifferent *Brady* policies resulting in wrongful convictions.[5] In reply, Williams counters that Plaintiffs fail to adequately allege a pattern of constitutional violations that would have put OPDA's policymaker on notice of his constitutionally defective policies.[6] In support of dismissal and in reply, Williams invokes this Court's February 25, 2025 Order and Reasons finding that lead plaintiff's—Mr. Juluke's—complaint failed to specifically plead a municipal

---

[1] This Order and Reasons pertains to No. 23-6203.
[2] ECF No. 164.
[3] ECF No. 164.
[4] ECF No. 165.
[5] *Id.* Plaintiffs accuse Williams of unnecessarily delaying proceedings by moving to dismiss.
[6] ECF No. 171.

custom, pattern, or practice of *Brady* violations and granting Juluke leave to amend his defective allegations.[7]

The Court hereby incorporates by reference its Orders and Reasons issued in the lead case of these consolidated proceedings. *See* Civil Action No. 23-3111, ECF Nos. 153 and 186. Presently and inexplicably, the operative complaint for Plaintiffs Kunta Gable and Sidney Hill differs from that of Plaintiff Bernell Juluke.[8] Notably, Plaintiffs Gable and Hill failed to amend their First Amended Complaint despite this Court's Order and Reasons determining that Juluke's First Amended Complaint was defective for the same reasons advanced by Williams in challenging Gable's and Hill's First Amended Complaint in his instant motion to dismiss.

For the reasons articulated in the Court's Orders and Reasons issued in the lead, Juluke's, case in which the Court resolved the precise issues raised in Williams' motion to dismiss Gable's and Hill's claims asserted in their First Amended Complaint,

**IT IS ORDERED** that Williams' motion to dismiss is **GRANTED IN PART** (insofar as the civil-rights conspiracy claim is hereby dismissed as to Williams) and **DENIED IN PART WITHOUT PREJUDICE** (insofar as Plaintiffs in their First Amended Complaint fail to allege sufficient factual specificity to support their claim

[7] ECF Nos. 164-1, 171. Though their First Amended Complaint was filed five days before this Court granted Juluke leave to amend his defective pattern-and-practice allegations, the Court is indeed puzzled and dismayed that Mr. Gable and Mr. Hill failed to heed this Court's Order and Reasons issued in the lead case on this precise issue.

[8] No party has briefed whether it would be prudent for Plaintiffs to file a consolidated master complaint. Given the substantial overlap if not complete identity of the allegations—save for Gable's and Hill's currently deficient § 1983 pattern-and-practice *Brady* allegations—it would be at best unfair for the Court to deny Gable and Hill an opportunity to cure the defects identified by this Court on February 25, 2025.

that the OPDA maintained a custom or pattern-and-practice of *Brady* violations, but Plaintiffs shall be granted an opportunity to amend their defective allegations to conform their allegations to those of Mr. Juluke, indeed the same opportunity provided to Mr. Juluke).

**IT IS FURTHER ORDERED** that, not later than **October 14, 2026**, Plaintiffs may file an amended complaint to cure the deficiencies identified by Williams and previously identified by the Court in ECF No. 153 and as further analyzed in ECF No. 186.

New Orleans, Louisiana, this 24th day of September, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE